## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**REY FEO SCHOLARSHIP
FOUNDATION,**

    *Plaintiff/Counter-Defendant*,

                         **Case No.  SA-23-CV-01157-JKP**

**v.**

**SCOTTSDALE INDEMNITY
COMPANY,**

    *Defendant/Counter-Plaintiff*.

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant/Counter-Plaintiff Scottsdale Indemnity Company's Motion for Summary Judgment. *See* ECF No. 18. Plaintiff/Counter-Defendant Rey Feo Scholarship Foundation filed a response and Scottsdale replied to the response. *See* ECF Nos. 21, 23. The motion is fully briefed and ripe for ruling. After due consideration of the parties' briefings, the record evidence, and the applicable law, the Court finds Scottsdale is entitled to judgment as a matter of law and, therefore, **GRANTS** Scottsdale's motion for summary judgment (ECF No. 18), **GRANTS** Scottsdale's request for declaratory judgment, and **DISMISSES** this case. Final judgment, including declaratory judgment, will be entered by separate order.

### BACKGROUND

In this insurance coverage action, Rey Feo Scholarship Foundation seeks coverage from its insurer, Scottsdale Indemnity Company, for a lawsuit the Original Lulac Council No. 2 filed against Rey Feo. Specifically, Rey Feo seeks coverage under two consecutive claims-made-and-reported insurance policies covering the period from July 6, 2021 to July 6, 2022 (the "21-22

Policy") and the period from July 6, 2022 to July 6, 2023 (the "22-23 Policy"). Scottsdale maintains it has no duty to defend or indemnify Rey Feo under either policy and filed a counterclaim seeking declaratory judgment affirming its position.

In the instant motion, Scottsdale argues Rey Feo's case should be dismissed on summary judgment because Scottsdale has no duty to defend or indemnify Rey Feo under the policies. Specifically, Scottsdale says it has no duty under the 21-22 Policy because Rey Feo failed to timely report its claim to Scottsdale within sixty days after the end of the 21-22 Policy period. In addition, Scottsdale argues it has no duty to defend or indemnify Rey Feo under the 22-23 Policy because, while Rey Feo filed a claim during the 22-23 Policy period, the claim was untimely because Lulac's underlying lawsuit arises out of two interrelated petitions to cancel which predate the 22-23 Policy period. Finally, Scottsdale argues Rey Feo's extracontractual claims fail as a matter of law because Rey Feo is not entitled to coverage under the insurance policies. For the reasons discussed herein, the Court agrees and grants summary judgment in Scottsdale's favor.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n.16 (5th Cir. 1994).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586–87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). The party

opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

## ANALYSIS

Scottsdale argues Rey Feo's case should be dismissed because Scottsdale has no duty to defend or indemnify Rey Feo under 21-22 Policy or the 22-23 Policy. Rey Feo does not address Scottsdale's argument regarding the 21-22 Policy—namely, that Rey Feo's claim is not covered because Rey Feo filed it after the policy's sixty-day deadline. Because Rey Feo fails to address this fact raised by Scottsdale and supported by the evidence, the Court considers it as undisputed and grants summary judgment in favor of Scottsdale as to the 21-22 Policy. *See Broadcast Music*, *Inc. v. Bentley*, 2017 WL 782932, at *2. Regarding the 22-23 Policy, Scottsdale argues

4

the underlying lawsuit is interrelated with litigation initiated before the policy went into effect and is therefore not entitled to coverage. Rey Feo does not dispute its claim would not be covered under the 22-23 Policy if the underlying lawsuit were interrelated with the earlier filed petitions to cancel; however, Rey Feo argues the cases are not interrelated.

Lulac filed two petitions to cancel with the U.S. Patent and Trademark Office on or about May 3, 2022, seeking to have Rey Feo's registered word trademarks for the phrases "Feria de la Flores" and "La Reina de la Feria de las Flores" cancelled. *See* Def. Ex. 3 to Donovan Decl. According to Lulac, it was the prior user of the marks for organizing community festivals and cultural celebrations advocating educational programs within the community urging students to stay in school and pursue higher education. *Id*. ¶ 15. In the petitions, Lulac asserted Rey Feo knew about Lulac's use of the marks for over 70 years before Rey Feo first used the marks in the same manner as Lulac. *Id*. ¶ 22. Lulac asserted a cause of action against Rey Feo in each of the petitions for likelihood of confusion and sought cancellation of the marks. *Id*. ¶¶ 24–26.

On or about September 20, 2022, Rey Feo sued Lulac, Cause No. 2022-CI-18447, in the District Court for the 14th Judicial District, Dallas County, Texas, alleging causes of action for service mark misappropriation under Texas law and for malice, and seeking a temporary restraining order and permanent injunction enjoining Lulac from using the accused marks, among other things. *See* Def. Ex. 4 to Donovan Decl. at ¶ 31. Rey Feo attaches copies of the petitions to cancel to its state court petition. *Id*. In the lawsuit, Rey Feo alleges it uses the accused marks in its charitable mission to raise money in the community for college scholarships and that it applied for and was granted the exclusive right to use the accused marks. *Id*. ¶¶ 3–4. On or about October 13, 2022, during the 22-23 Policy period, Lulac filed a counterclaim, which is the lawsuit for which Rey Feo seeks coverage from Scottsdale. *See* Def. Ex. 6 to Donovan

Decl. In its counterclaim, Lulac alleges it formed Rey Feo in 1975 to function as a conduit for certain scholarship funds and Lulac and Rey Feo then partnered together for decades to advocate for educational programs, raise money for scholarships, and crown a Queen/Reina de la Feria de la Flores at an annual "Fiesta Week" celebration in San Antonio, Texas. *Id*. ¶¶ 45–52. Like in the petitions to cancel, in its counterclaim Lulac alleges it is the rightful owner of the accused marks, and Rey Feo's trademark registration is invalid and should be cancelled. *Id*. ¶¶ 77–102. In the counterclaim, Lulac alleges causes of action for federal false designation of origin or source, common law trademark infringement, common law unfair competition, trademark dilution in violation of Tex. Bus. & Comm. Code § 16.103, cancellation of trademark registrations, tortious interference, business disparagement, breach of agreement, breach of fiduciary duty, and exemplary damages. *Id*. ¶¶ 141–240. Lulac seeks an injunction prohibiting Rey Feo from using the accused marks, compensatory and treble damages, attorneys' fees and costs, and disgorgement of profits, among other things. *Id*. at 36–38. On or about November 2, 2022, Rey Feo filed a consent motion asking the U.S. Patent and Trademark Office to suspend Lulac's trademark cancellation proceeding in light of the pendency of its lawsuit against Lulac. *See* Def. Ex. 7 to Donovan Decl. In the consent motion, Rey Feo stated that the underlying lawsuit "involves the same parties and issues set forth in the [trademark cancellation proceeding]," and attached a copy of Lulac's petition filed in the underlying lawsuit as an exhibit. *Id*. at 1.

The question before this Court is whether the 22-23 Policy covers Lulac's counterclaim, given the relationship between Lulac's counterclaim and its petitions for cancellation and the fact that the petitions for cancellation were filed before the 22-23 Policy went into effect. The 22-23 Policy covers claims made between July 6, 2022 and July 6, 2023. *See* Def. Ex. 2 to Donovan Decl. at IPO Coverage Section § A and Declarations. Furthermore, the 22-23 Policy provides

that any claim arising out of the same "Wrongful Acts or Interrelated Wrongful Acts" shall be deemed to constitute a single claim and shall be deemed to have been made at the time at which the earliest claim involving the same wrongful acts or interrelated wrongful acts is first made. *Id.* at IPO Coverage Section § D(3). While Lulac's counterclaim was filed during the 22-23 Policy period, Scottsdale argues because it arises out of the same wrongful acts or interrelated wrongful acts as Lulac's earlier filed petitions to cancel, Lulac's counterclaim is deemed to have been first made at the time the petitions to cancel were filed on May 3, 2022, which pre-dates the 22-23 Policy period of July 6, 2022 to July 6, 2023. *See* Def. Exs. 3 and 6 to Donovan Decl.

Texas courts recognize the meaning of "interrelated wrongful acts" within claims-made-and-reported policies is "broad." *See e.g., Uni-Pixel, Inc. v. XL Specialty Co.*, No. 14-18-00828-CV, 2020 WL 1528098, at *7 (Tex. App.—Houston Mar. 31, 2020). Indeed, courts applying Texas law regularly hold that separate proceedings constitute a single claim for insurance coverage purposes, even when those proceedings involve different parties, different causes of action, and different or additional allegations. *See id.*; *see also Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021); *see also Nobilis Health Corp. v. Great American Ins. Co.*, No. H-17-2386, 2018 WL 4810840 (S.D. Tex. Oct. 4, 2018); *see also ADI Worldlink, LLC v. RSUI Indem. Co., No. 4:16-CV-00655-ALM-CAN,* 2017 WL 6403047 (E.D. Tex. Aug. 16, 2017).

In this case, Scottsdale argues the underlying lawsuit which serves as the basis of Rey Feo's claim involves interrelated wrongful acts with the petitions to cancel because they "have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of facts, circumstances, situations, events, transactions or causes." *See* Def. Ex. 2 to Donovan Decl. at IPO Coverage Section § B(6). Both the underlying lawsuit and the petitions to cancel allege that: (1) Lulac organizes community festivals the purpose of which is to raise scholarship funds (*see*

Def. Ex. 3 to Donovan Decl. ¶ 2; Ex. 6 to Donovan Decl. ¶¶ 48-49); (2) the largest fundraising event involves the crowning of a queen at the La Feria de las Flores parade (*see* Def. Ex. 3 to Donovan Decl. ¶¶ 8-9; *see also* Def. Ex. 6 to Donovan Decl. ¶¶ 51-52); (3) Lulac is the rightful owner of the Accused Marks (*see* Def. Ex. 3 to Donovan Decl. ¶ 13; *see also* Def. Ex. 6 to Donovan Decl. ¶¶ 77-78); and (4) Rey Feo's registration of the Accused Marks should be cancelled and/or are invalid (*see* Def. Ex. 3 to Donovan Decl. ¶ 26; *see also* Def. Ex. 6 to Donovan Decl. ¶ 93). Moreover, Rey Feo admitted the underlying lawsuit arises from the petitions to cancel in its November 2, 2022 consent motion, in which Rey Feo acknowledged the underlying lawsuit "involves the same parties and issues set forth in the [trademark cancellation proceeding]," and even attached a copy of Lulac's petition as an exhibit. *See* Def. Ex. 7 to Donovan Decl. at 1.

Rey Feo invites the Court to focus on the purposes of the underlying lawsuit and the petitions to cancel to find the two are not interrelated. Such a focus, however, is inconsistent with the caselaw and the parties' contract. As noted above, Texas courts consistently find separate proceedings constitute a single claim for insurance coverage purposes, even when those proceedings involve different causes of action. *See e.g. Uni-Pixel, Inc.* Moreover, the parties' contract provides that interrelated wrongful acts need only demonstrate as a common nexus *any* fact, circumstance, situation, event, transaction, or cause. *See* Def. Ex. 2 to Def. Ex. A Scottsdale's MSJ at IPO Coverage Section § D(3). The contract does not require all facts, circumstances, situations, events, transactions, or causes to be the same. Here, both lawsuits arise out of Lulac's contention Rey Feo misused its trademarks. This is sufficient grounds to conclude the underlying lawsuit and the petitions to cancel involve interrelated wrongful acts and are, therefore, deemed to be a single claim first made at the time the petitions to cancel were filed, on

May 3, 2022. As a result, the Court finds Rey Feo's claim is not covered under the 22-23 Policy, which covers the period of July 6, 2022 to July 6, 2023, and grants summary judgment in favor of Scottsdale as to the 22-23 Policy.

Rey Feo does not dispute that, if the Court determines Rey Feo's claim is not covered under the policies, which it has, Scottsdale is entitled to summary judgment in its favor on Rey Feo's extracontractual causes of action. *See, e.g., Nicholas Petroleum, Inc. v. Mid-Continent Cas. Co.*, No. 05-13-01106-CV, 2015 WL 4456185, (Tex. App.—Dallas Jul. 21, 2015). Thus, Scottsdale is entitled to summary judgment on those causes of action as well. *See Broadcast Music*, *Inc. v. Bentley*, 2017 WL 782932, at *2.

## CONCLUSION

For the reasons discussed, the Court finds Scottsdale is entitled to judgment as a matter of law and, therefore, **GRANTS** Scottsdale's Motion for Summary Judgment (ECF No. 18), **GRANTS** Scottsdale's request for declaratory judgment, and **DISMISSES** this case. Final judgment, including declaratory judgment, will be entered by separate order.

Scottsdale requests its costs, expenses, and attorneys' fees. Rule 54(d) of the Federal Rules of Civil Procedure governs such awards. Consistent with Rule 54(d) the Court will award costs and fees to Scottsdale upon the Scottsdale's filing, within fourteen days of the judgment, of a Bill of Costs in the form required by the Clerk of Court. *See* Local Rule CV-54.

It is so ORDERED.
SIGNED this 3rd day of July, 2024.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE